UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:25-cv-00156-LEW |
| LEONA J. SMITH AND WENDELL A. SMITH, | ) ) ) | |
| Defendants | ) ) | |

**JUDGMENT OF FORECLOSURE AND ORDER OF SALE**
**(Title to Real Estate Involved)**
**Mortgage Recorded in Penobscot County Registry of Deeds**
**in Book 12226, Page 71**
**Street Address: 690 Dover Road, Dexter, Maine**

This matter came before the Court upon the Motion for Default Judgment (the "Motion") filed by the United States Department of Agriculture (the "Plaintiff") seeking judgment by default against Leona J. Smith (the "Defendant").[1] Upon consideration of the Motion and other filings in this case, this Court finds as follows:

1.     Pursuant to 14 M.R.S.A § 2401, this Court finds that:

     a.     The names and addresses of the parties and counsel of record are as follows:

---

[1] Co-Defendant Wendell A. Smith has been noticed as deceased subsequent to the filing of the Complaint. Suggestion of Death (ECF No. 5).

| Party | Counsel |
|---|---|
| United States Department of Agriculture<br>P.O. Box 66827<br>St. Louis, MO 63166 | Kevin J. Crosman, Bar No. 4279<br>Jensen Baird Gardner & Henry<br>Ten Free Street<br>P.O. Box 4510<br>Portland, ME  04112 |
| Leona J. Smith<br>14 Hill Street Apt 108<br>Corinna, ME 04928 | None of record |

b.　　The docket number of this case is **1:25-cv-00156-LEW.**

c.　　Service of the documents required by Me. R. Civ. P. 4(b) was made upon the Defendant and the Defendant received notice of this action in accordance with the Maine Rules of Civil Procedure.

d.　　The property upon which Plaintiff seeks to foreclose in this case (the "Property") is adequately described in ¶ 3(n) below.

2.　　On July 3, 2025, the Clerk entered an Entry of Default against the Defendant because of her failure to appear, plead or otherwise defend this action.

3.　　By virtue of the default, the following allegations of the Complaint are established as facts:

a.　　The Defendant is an individual with a last-known address of 14 Hill Street, Apt 108, Town of Corinna, County of Penobscot, and State of Maine;

b.　　This is an action for foreclosure and sale 690 Dover Road, Town of Dexter, County of Penobscot, State of Maine (the "Property");

c.　　On or about August 16, 2010, Defendant executed and delivered a promissory note (the "Note") to the Plaintiff in the original principal amount of $100,435.00. Defendant's obligation to make installment payments under the Note was deferred until January 3, 2011.  Interest accrued on the Note at note rate of 4.50% per annum between August 16, 2010, and January 3, 2011, at which point the accrued interest was capitalized and added to the principal balance of the Note.

2

As of January 3, 2011, the principal balance of the Note was $100,579.69.[2] A true copy of the Note is attached as **Exhibit 1** to the Complaint;

d.      To secure the debt evidenced by the Note, and all extensions and renewals of that debt, the Defendant, on or about August 16, 2010, granted a mortgage (the "Mortgage" and with the Note, the "Loan Documents) against the Property (the "Property"). A true copy of the Mortgage is attached as **Exhibit 2** to the Complaint;

e.      The Mortgage secures the obligations of the Defendant under the terms of the Note;

f.      The Property is more particularly described in the Mortgage;

g.      Under the terms of the Loan Documents, if Borrower defaults in the payment of the obligations evidenced by Note and secured by the Mortgage, Plaintiff may declare the entire amount due under the Note, and any other amounts owed to the Plaintiff under Mortgage, to be immediately due and payable in full and then, upon that acceleration of the Note, foreclose the mortgage by any method provided by law in the relevant jurisdiction;

h.      Defaults now exist under the terms of the Note in that, among other things, the Defendant failed to make the monthly payment that came due under the Note on September 3, 2017, and all other payments that have come due thereunder;

i.      Plaintiff has certified that it is the owner and holder of the Note and owner of the Mortgage, and that it is the party entitled to enforce the Note as the owner and holder of the same;

j.      As a result of the defaults under the terms of the Note, the Defendant has breached the condition of the Mortgage;

k.      As of December 15, 2024, the total debt evidenced by the Note and secured by the Mortgage amounted to $191,738.23, consisting of $90,848.42 in principal, $44,736.52 in overdue accrued interest, and $56,153.29 in other fees. Interest continues to accrue on the outstanding principal balance at the default interest rate of 4.50% per annum, which equates to approximately $11.2005 per day, beginning on and after December 15, 2024;

l.      The Defendant has been defaulted under Me. R. Civ. P. 55;

m.      By virtue of the Borrower's and/or the Defendant's breach of a condition of the Mortgage, the Plaintiff has demanded a foreclosure on the Property;

---

[2]  The Note indicates that the first installment payment thereunder, following capitalization, was due and payable on or before January 3, 2010. Plainly, this is a scrivener's error. Otherwise, the first payment under the Note, as capitalized, was due and payable eight months before the Note was executed and delivered by the Borrower.

3

n.      As set forth in the Mortgage attached as Exhibit 2 to the Complaint, the Property is bounded and described as follows:

Certain real estate with buildings; thereon, situated in DEXTER, County of Penobscot, State of Maine, on the westerly side of Route #7 between said Dexter and Dover Foxcroft, and bounded and described as follows:

Starting at the southeast corner of land now or formerly of Alva Butler on the said westerly side of Route #7; thence westerly, at right angles to said Route #7, one hundred (100) feet; thence southerly at right angles to the last mentioned bound, one hundred (100) feet; thence easterly at right angles to the last mentioned bound, one hundred (100) feet more or less, to the westerly line of said Route #7; thence northerly along the said westerly side of Route #7, one hundred (100) feet, more or less, to point of beginning.

ALSO, certain real estate situated in said DEXTER on the westerly side of Route #7 between Dexter and Dover-Foxcroft and bounded and described as follows:

Starting at the southeast comer (on the westerly side of said Route #7) of the first parcel herein described, thence westerly along the southerly line of said property, one hundred (100) feet, more or less, to the southwest comer thereof; thence southerly fifty (50) feet, more or less, at right angles to the first mentioned bound; thence easterly one hundred (100) feet parallel to the first mentioned bound to the westerly line of said Route #7; thence northerly along the westerly line of said Route #7 to the point of beginning. The foregoing parcel is further described as a strip of land fifty (50) feet wide on the westerly line of said Route #7 and extending westerly one hundred (100) feet next to and adjacent to the southerly line of real estate described above. (The parcel herein conveyed is part of the former Billie Piper place.)

ALSO, a certain lot or parcel of land situated in DEXTER, County of Penobscot, State of Maine, and being bounded and described as follows: Beginning at a point representing the northwest comer of land of these Grantees (as described in a deed from Donald J. McDaniel and hereunto duly recorded); thence westerly fifty feet (50') on a course representing an extension of the northerly line of the said Smiths; thence southerly on a course parallel with the westerly bound of said Smiths, two hundred feet (200'); thence easterly, one hundred fifty feet (150') to a point on the westerly side of Route #7 (which point is fifty feet (50') southerly of the southeasterly corner of land of said Smiths); thence northerly along said road, fifty feet (50'); thence westerly one hundred feet (100') along the southerly bound of land of said Smiths to its southwest corner; thence northerly one hundred fifty feet (150') along the westerly bound of said Smiths to the point of beginning.

Meaning and intending to describe all and the same premises described in the deed of Elmer J. Easler to Wendell A. Smith and Leona J. Smith, dated September 27, 1993 and recorded in said Registry in Book 5446, Page 7. Reference is also made to deed of Donald J. McDaniel to said Smiths, dated December 19, 1986, recorded in said Registry, Vol. 4576, Page 355.

4

4.     As of May 8, 2026, the amount due and owing to the Plaintiff under the terms of the Note and the Mortgage totaled **$204,665.67**, and consisted of the following:

| | |
|---|---|
| Principal: | $ 90,848.42 |
| Interest to May 8, 2026: | $ 35,838.66 |
| Subsidy Recapture: | $ 14,595.42 |
| Negative Escrow (current): | $ 5,405.65 |
| Interest on Protective Advances: | $ 10,131.59 |
| Other Fees (Protective Advances & Preservation Fees): | $ 47,845.93 |
| **TOTAL** | **$ 204,665.67** |

These amounts do not include attorneys' fees and costs thus far billed to Plaintiff in connection with this foreclosure action.

5.     The Plaintiff's counsel has provided an affidavit in support of the attorney's fees, and costs of collection incurred in prosecuting this foreclosure. As set forth in the Affidavit, attorney's fees in the amount of $5,100.00 and costs in the amount of $978.06 have been incurred by the Plaintiff for services provided by its counsel in connection with this action. Said fees and costs are reasonable, due and owing under the Note and secured by the Mortgage. Furthermore, pursuant to 14 M.R.S.A § 1602-B(2), pre-judgment interest is accruing on the principal portion of this balance at the Note rate of 4.50% per year, or $11.2005 per day, from and after December 15, 2024, through and including the date of this Judgment. Accordingly, as of May 8, 2026, a total of $210,743.73, was due and owing under the terms of the Note and the Mortgage.

6.     Pursuant to 14 M.R.S.A. § 1602-C, the post-judgment interest rate is 7.23% per year. The Plaintiff is entitled to add any additional amounts advanced by Plaintiff to protect its mortgage security after the date of Judgment, together with interest thereon at the rate of $5.89 per day, and for any additional costs of sale hereafter incurred.

7.    The order of priority of the claims of the parties who have appeared in this action is as follows:

FIRST:    Plaintiff, by virtue of the Mortgage, in the above amounts and attorney's fees and costs.

SECOND:    The surplus, if any, shall be paid to the clerk of this Court, who shall hold the surplus in escrow for 6 months for the benefit of the Defendant, the Defendant's successors, heirs or assigns and, if the surplus remains unclaimed after 6 months, the clerk shall pay the surplus to the Treasurer of State to be credited to the General Fund until it becomes unclaimed under the Uniform Unclaimed Property Act, and report and pay it to the State in accordance with that Act, all as provided in 14 M.R.S.A § 6324.

8.    Plaintiff's claim for attorney's fees is not integral to the relief sought and there is no just reason for delay in the entry of final judgment for the Plaintiff on all claims.

ACCORDINGLY, it is hereby **ORDERED** that:

A.    Unless within ninety (90) days from the date hereof, the Defendant pays Plaintiff the amount owing on the Note and the Mortgage, together with accrued interest and attorney's fees and costs, all as set forth above, the Plaintiff shall sell the Property pursuant to 14 M.R.S.A. § 6321 *et seq*. and disburse the proceeds of said sale, after deducting the expenses thereof, in the amounts and priorities as determined above.

B.    The Plaintiff is granted exclusive possession of the Property upon expiration of the statutory ninety (90) day redemption period, if it is not redeemed within the time set forth above, as aforesaid.

C.    A Writ of Possession shall be issued to the Plaintiff for possession of the Property if it is not redeemed within the time set forth above, as aforesaid.

D.    The Clerk is hereby directed to enter this Judgment as a final judgment.

E.    Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk is further directed to sign the certification that follows after the appeal period has expired, certifying that the applicable period has expired without action or the final judgment has been entered after remand following appeal.

SO ORDERED.

Dated this 28th day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge


## CERTIFICATE OF CLERK

The final judgment in Docket No. **1:25-cv-00156-LEW** was entered on the docket on
_____, 2026.

I hereby certify that

_____     The applicable appeal period has expired without action, or

_____     The final judgment has been entered after remand following appeal.


Dated: _____                    _____

                                           Clerk, United States District Court
                                           District of Maine